Evan Livingstone (SBN 252008)
LEGAL AID OF SONOMA COUNTY
144 South E St, St 100
Santa Rosa, CA 95404
Tel: (707) 206-7852
Fax: (707) 676-9112
Email: elivingstone@legalaidsc.com

Attorneys for Plaintiff Erika Rodriguez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA RODRIGUEZ<br><br>Plaintiff<br><br>vs.<br><br>SPRINGS VILLAGE, LP, BURBANK HOUSING DEVELOPMENT CORPORATION, BURBANK HOUSING MANAGEMENT CORPORATION<br><br>Defendants | Case No. 3:19-CV-00747-TSH<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR HOUSING DISCRIMINATION**<br>(FAIR HOUSING AMENDMENTS ACT OF 1988 – 42 U.S.C. § 3601, ET. SEQ.)<br><br>Jury Trial Demanded<br><br>Judge: Hon. Thomas S. Hixson |

Plaintiff ERIKA RODRIGUEZ ("Plaintiff") brings this Complaint against Defendants SPRINGS VILLAGE, LP, BURBANK HOUSING DEVELOPMENT CORPORATION, BURBANK HOUSING MANAGEMENT CORPORATION ("Defendants") and states as follows:

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 3601, et. seq. (a.k.a. the Fair Housing Amendments Act of 1988), against SPRINGS VILLAGE, LP, BURBANK HOUSING DEVELOPMENT CORPORATION, BURBANK HOUSING MANAGEMENT CORPORATION.

2. Plaintiff alleges that Defendants engaged in illegal conduct under the Fair Housing Act Amendments of 1988 by discriminating against Plaintiff on the basis of Plaintiff's mental and emotional condition, by refusing to provide for a reasonable accommodation for

Plaintiff's disability in a real estate rental transaction in regard to the subject property which Plaintiff rents from Defendants which is located at 302 Curva Way, Sonoma, California 95476 (the "Property").

## JURISDICTION AND VENUE

3. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a) over Plaintiff's cause of action arising under the Fair Housing Act Amendments of 1988.

4. Venue lies in the United States District Court for the Northern District of California because, under 28 U.S.C. § 1391(b)(2), a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Sonoma County, California.

## PARTIES

5. Plaintiff ERIKA RODRIGUEZ was at all relevant times an adult person residing at the subject Property in the County of Sonoma, California.

6. Defendant SPRINGS VILLAGE, LP is a California limited partnership. SPRINGS VILLAGE, LP is the owner of the Property.

7. Defendant BURBANK HOUSING DEVELOPMENT CORPORATION is a California corporation. BURBANK HOUSING CORPORATION is the general partner of SPRINGS VILLAGE, LP.

8. Defendant BURBANK HOUSING MANAGEMENT CORPORATION is a California corporation. BURBANK HOUSING CORPORATION manages the subject Property on behalf of SPRINGS VILLAGE, LP.

9. Plaintiff asserts that the Defendants are in the business of renting dwellings as defined by 42 U.S.C. § 3603(c).

## FACTUAL BACKGROUND

10. At all times relevant to this complaint, Plaintiff rented from Defendants the subject Property located at 302 Curva Way, Sonoma, California 95476.

11. On November 29, 2018, Defendants caused to be served on Plaintiff a 60-Day Notice of Termination of Tenancy, stating the reason for terminating Plaintiff's tenancy was that Plaintiff had violated parking rules at her apartment complex five times.

12. On January 2, 2019, Plaintiff, through counsel, requested that Defendants make a reasonable accommodation for Plaintiff's disability by allowing her to remain in her apartment and giving her another opportunity to follow the parking rules at her complex.

13. Plaintiff attached to her request for reasonable accommodation a letter from Plaintiff's medical provider documenting Plaintiff's disability and explaining the nexus between Plaintiff's disability and her request for reasonable accommodation.

14. On January 8, 2019, Defendants, through counsel, responded to Plaintiff's request by summarily denying Plaintiff's request for a reasonable accommodation.

15. On January 9, 2019, Plaintiff requested that Defendants engage in an interactive process / dialog to determine if Defendants could reasonably accommodate Plaintiff's disability.

16. On January 23, 2019, Plaintiff again contacted Defendants through counsel and asked if Defendants would engage in an interactive process to see if it was reasonable for Defendants to make an accommodation for Plaintiff's disability.

17. On January 25, 2019, Defendants' counsel called Plaintiff's counsel. Plaintiff's counsel reiterated that Defendants had a legal obligation to engage in an interactive process to determine whether there were are any alternatives to evicting Plaintiff. Defendants' counsel responded that Defendants were going to terminate Plaintiff's tenancy.

18. On February 6, 2019, Defendants filed an unlawful detainer lawsuit against Plaintiff.

19. As a direct and proximate result of the acts described above, Plaintiff suffered housing discrimination by Defendants within the meaning of the Fair Housing Amendments Act of 1988.

### COUNT I

### 42 U.S.C. § 3601, et. seq. – HOUSING DISRCRIMINATION

20. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 19.

21. Plaintiff claims damages under the Fair Housing Amendments Act of 1988, specifically 42 U.S.C. § 3604(f)(3)(B), which provides that illegal housing discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services,

when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."

22. By refusing to engage in an interactive process, and by failing to explore any form of accommodation for Plaintiff's disability, Defendants committed housing discrimination within the meaning of the Fair Housing Amendments Act of 1988, entitling Plaintiff to statutory and other damages.

**DEMAND FOR JURY TRIAL**

23. Plaintiff hereby demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants' acts and omissions as illegal housing discrimination under the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(1);

C. Award Plaintiff actual compensatory damages against Defendants in the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) pursuant to the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(1);

D. Award Plaintiffs' counsel reasonable attorney's fees and costs pursuant to the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(2), and any other applicable provisions of law;

E. Award Plaintiff punitive damages Defendants in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) pursuant to the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3613(c)(1); and

F. Grant to Plaintiff such other and further relief as may be just and proper.

Dated: February 15, 2019         LEGAL AID of SONOMA COUNTY

/s/ Evan Livingstone
By: Evan Livingstone
Attorneys for Plaintiff Erika Rodriguez

First Amended Complaint – Page 4